IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| TRUSTEES FOR THE MO-KAN<br>SHEET METAL WORKERS WELFARE FUND<br><br>                Plaintiffs,<br>vs.<br><br>ACME SIGN HANGER, INC.<br>d/b/a ACME SIGN INC.<br>     Serve:  George D. Blackwood, Jr.<br>              513 Cherry Street<br>              Kansas City, Missouri 64106-1217<br><br>                Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **COMPLAINT**

Plaintiffs, the Board of Trustees for the Mo-Kan Sheet Metal Workers Welfare Fund (collectively, "Trustees" for the "Fund") for their claim against Defendant, state:

1. <u>Introduction.</u> Plaintiffs bring this action pursuant to Section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §1132. Jurisdiction and venue are conferred upon the Court by §§502(a), (e), and (f) of ERISA, 29 U.S.C. §1132 (a), (e), and (f); and §301(a) of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. §185(a). The Fund seeks a monetary judgment against Defendant awarding delinquent contributions and other monetary liabilities, accrued interest, liquidated damages, and attorneys' fees and costs, through the date of judgment, as well as those amounts that become due and owing through the date of judgment, as well as an order requiring Defendant to post a surety bond to secure future contribution obligations as

allowed by ERISA; pursuant to §§502 and 515 of ERISA, 29 USC §§1132 and 1145, §301 of the LMRA, 29 USC §185, the collective bargaining agreement, the trust documents governing the Fund, and Fund policies and procedures.

2. Venue is proper under § 502(e)(2) of ERISA, 29 USC § 1132(e)(2), as the Fund is administered in this district. Plaintiffs are the Trustees of the Mo-Kan Sheet Metal Workers Welfare Fund (hereinafter "Fund"). The Fund is administered in Kansas City, Jackson County, Missouri.

3. Venue is also properly in this district because Defendant breached the relevant provisions of the collective bargaining agreement, and consequentially violated §515 of ERISA, 29 USC § 1145, because it is within the district that relevant provisions of the collective bargaining agreement are required to be performed.

4. Defendant is a Missouri corporation with its principal place of business at 1313 Vernon Street, North Kansas City, Clay County, Missouri 64116, and may be served by serving any officer at the business address, or by serving its Registered Agent George D. Blackwood, Jr. at 513 Cherry Street, Kansas City, Missouri 64106-1217.

5. Plaintiffs are the Board of Trustees of the Mo-Kan Sheet Metal Workers Welfare Fund (hereinafter referred to as "Trustees" of "Fund"), who have been duly authorized to administer the Fund for the benefit of the participants and beneficiaries of the Fund. The Fund is an employee welfare benefit plan within the meaning of Sections 3(1) and 3(3) of ERISA, 29 USC § 1002(3)(1) and (3), and a multiemployer plan within the meaning of Section 3(37) of ERISA, 29 USC § 1002 (37), established and maintained for the purpose of providing health and

welfare benefits to eligible employees and their eligible dependents. At all times relevant to this case, the Fund is and has been a jointly administered trust fund established pursuant to §301(c)(5) of the LMRA, 29 USC § 186(c)(5). The Trustees are "fiduciaries" within the meaning of §3(21)(A) of ERISA, 29 USC §1002(21)(A), and are empowered to bring this action pursuant to §§502(a)(3) and 502(g)(2) of ERISA, 29 USC §1132(a)(3) and §1132(g)(2). Trustees bring this action in their collective names or, as necessary or appropriate, in the names of the respective trusts or plans and their participants and beneficiaries, pursuant to Federal Rule of Civil Procedure 17.

6. Defendant and Sheet Metal Workers Local Union No. 2 ("Union") are signatory to, bound by, and subject to the terms of a Collective Bargaining Agreement ("CBA"), the terms of which were in effect at all times relevant to this lawsuit. The CBA remains in effect until June 30, 2019.

7. The CBA makes the Fund third-party beneficiary of the CBA. The CBA requires Defendant to submit monthly remittance reports and make contributions to the Fund pursuant to the terms of the Agreement and Declaration of Trust establishing the Fund, for all hours worked or paid on behalf of Defendant's covered employees within the jurisdiction of the Union. The current contribution rates are set forth in the CBA. The CBA also authorizes the Trustees to enforce collection of any amounts due.

8. Pursuant to the CBA, Defendant is obligated to abide by the terms and conditions of the Trust Agreement establishing the Fund, including any amendments thereto and any policies and procedures adopted by the Trustees.

9. Payments due to the Fund are calculated based on remittance reports required to be prepared monthly by each contributing employer. This is a self-reporting system and the Fund relies on the honesty and accuracy of contributing employers in reporting hours worked, hours paid, and in reporting contributions owed for work by covered employees.

10. Without the information contained in the remittance reports, Fund cannot determine the entire amount of monthly contributions due or covered employees' continued eligibility for benefits.

11. For purposes of this Complaint, the work for which Defendant was required to pay contributions to the Trust Funds described herein shall be called "bargaining unit work." Remittance reports and contributions for bargaining unit work are due to the Fund on the 10th day of each month following the month in which bargaining unit work is performed, and are delinquent if received after the 15th day of that month.

12. Pursuant to the terms of the Trust Agreement and Fund policies and procedures, a one-time late fee of $500 is assessed for each month a remittance report and/or related contributions are delinquent. ERISA, the Trust Agreement and Fund policies and procedures allow the Fund to additionally assess interest and liquidated damages on unpaid delinquent contributions, as well as requiring contributing employers who are frequently delinquent to post a surety bond to insure payment of future contributions owed to the Fund. The Trust Agreement and Fund policies and procedures also allow the Fund to require an audit of the

records of contributing employers for purposes of verifying employer remittance reports and contribution amounts.

13. Defendant has failed and refused to pay contributions owed for the month of October 2018 into the Fund at all, which are currently delinquent.

14. Further, Defendant has failed and refused to pay contributions into the Fund in a timely manner for bargaining unit work performed in October 2016, August 2017, February, March, June, July, August, September, and October 2018, resulting in the Fund assessing a $500 late fee for each of those months. Defendant has failed and refused to pay the assessed late fees.

15.  Upon information and belief, the amount of delinquent contributions is approximately twenty thousand, four hundred twenty-eight dollars and eighteen cents ($20,428.18), plus late fees of four thousand five hundred dollars and zero cents ($4,500.00), plus interest and liquidated damages at the rate allowed by Fund policies and procedures and ERISA, with additional amounts due and owing monthly as additional bargaining unit work is performed.

16. Defendant has materially breached its obligations under the CBA, thereby damaging Plaintiff. To obtain compliance with the CBA, Plaintiff is authorized by the terms of the Trust, the terms of the CBA, and ERISA §515, 29 U.S.C. §1145, and ERISA §502, 29 U.S.C. §1132, to initiate legal action.

17. Prior to commencing this lawsuit, the Fund sent letters and directly contacted Defendant to obtain the outstanding contributions and late fees owed, and notified Defendant that if further legal action was pursued, additional amounts would be assessed against Defendant as allowed by the Trust and Fund policies and

procedures. Fund's last communication also demanded that Defendant purchase a surety bond in an amount sufficient to insure future contributions. Despite these communications, Defendant has failed to satisfy its obligation to the Fund.

18. Defendant has in the past, and may in the future, perform bargaining unit work within the jurisdiction of Union through its employees and other persons covered by the terms of the CBA, causing additional amounts to become due each month. Defendant has anticipatorily and materially breached its obligations with respect to bargaining unit work performed after the filing of this Complaint.

19. ERISA §502(g), 29 U.S.C. §1132(g), provides that where a judgment in favor of Plaintiff Fund is awarded, the Court shall award Plaintiff the unpaid contributions; interest; reasonable attorneys' fees and costs; and liquidated damages in an amount not in excess of 20 percent (20%) of the amount of the unpaid contributions.

WHEREFORE, Plaintiffs pray that the Court enter judgment against Defendant and in favor of the Plaintiffs in the principal amount of at least twenty thousand, four hundred twenty-eight dollars and eighteen cents ($20,428.18) for delinquent contributions for the month of October 2018; plus accrued late fees of four thousand five hundred dollars and zero cents ($4,500.00); plus an audit of Defendant's records to verify remittance reports and contributions due; plus any unpaid contributions for bargaining unit work beginning in November 2018 that becomes due each and every month until the date of judgment; plus interest accrued thereon at a rate of 10%; plus liquidated damages equal to 10% of the unpaid balance for the first two months, and 20% thereafter; plus Plaintiffs' attorneys' fees as authorized by ERISA; plus the costs of this action and any

underlying audit; plus the requirement that Defendant post a surety bond to secure future contribution obligations in an amount to be determined; and any other legal or equitable relief the Court deems just and proper.

**Demand for Jury Trial and Designated Place of Trial**

Plaintiffs hereby demand a trial by jury in this matter and designate Kansas City, Missouri, as the place of trial, and request that the Court direct trial at such place.

Respectfully Submitted,

Rouse Frets White Goss Gentile Rhodes, P.C.

*/s/ Marsha R. Woodward*
Marsha R. Woodward        MO#49932
Brian H. Dunn
1100 Walnut, Suite 2900
Town Pavilion
Kansas City, Missouri 64106
(816) 292-7600
(816) 292-7601 fax
mwoodward@rousepc.com

ATTORNEYS FOR PLAINTIFFS